# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN NEILAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff, | Case No. 17-9296 |
| APPLE INC., a California corporation,<br><br>Defendant. | |

## CLASS ACTION COMPLAINT

Sean Neilan ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge of facts pertaining to him and on information and belief as to all other matters, by and through undersigned counsel, brings this class action complaint against Apple Inc. ("Apple").

## NATURE OF THE ACTION

1. To induce consumers to purchase newer model iPhones, Apple purposefully throttled the processing speed of iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7 and iPhone 7 Plus ("Affected iPhones"), intentionally making the phones unnecessarily slow at ordinary tasks like opening apps, updating apps, loading webpages, and responding to inputs like scrolling and swiping.

2. The slowness is tied, at least in part, to diminishing battery condition, which is a function of the iPhone's age and use, the quality of design and manufacturing, and external conditions such as temperature. As Apple is aware, consumers do not ordinarily associate diminishing battery condition with slower processing speeds. And iPhone users do not address the real issue by replacing the battery, a solution that Apple intentionally obscures and deters. Instead,

they purchase the new model iPhone that seemingly runs a lot faster and smoother—that is, until the battery's condition triggers the software to throttle the phone again. Apple deprived owners of the Affected iPhones of the performance to which they are entitled.

3. Plaintiff brings this class action on behalf of buyers of Affected iPhones, and alleges claims for Apple's violation of Illinois' and others states' consumer protection laws and prohibitions on unfair and deceptive business practices, trespass to chattels, breach of the covenant of good faith and fair dealing, and its violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, to recover damages stemming from Apple's unlawful, unconscionable, and intentional sabotage of older model iPhones.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d) because the proposed Class consists of more than 100 members, the amount in controversy exceeds $5 million, exclusive of interest and costs, and Plaintiff and Defendant are diverse parties. The Court also has personal jurisdiction over Defendant because Plaintiff's claims arise out of Defendant's contacts with the State of Illinois.

5. At all relevant times, Defendant conducted substantial business in the Northern District of Illinois. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff Sean Neilan is an Illinois citizen and resides in Chicago, Illinois. Plaintiff purchased an iPhone 6 at an AT&T store in Northbrook, Illinois in May 2015. Prior to purchasing his iPhone 6, Neilan visited Apple's website and discussed the phone with a representative from

the AT&T store. Ever since his phone was updated with iOS software version 10.2.1 in or around January 2017, his phone has exhibited significantly slower processing speeds, apps take longer to open and update, the phone responds slowly to inputs and lags, and the overall performance has deteriorated substantially.

7.     Defendant Apple Inc. is a California corporation headquartered in Cupertino, California. Defendant sells its iPhones in its own retail stores located throughout the country, online, and also through third parties, such as AT&T. Defendant engineers and licenses to iPhone users iOS software, the only operating system Apple permits on its devices.

## FACTUAL BACKGROUND

8.     Apple purposefully planted software designed to inhibit the performance of older model iPhones after new iPhone models were introduced as part of a strategy to induce its customers to purchase newer iPhones.

9.     Apple's iPhone 6 and iPhone 6 Plus were released on September 19, 2014. At the time of launch, the iPhone 6 was available to those committing to a 2-year service contract for $199 (16GB variant), $299 (64GB variant), and $399 (128 GB variant), and was available off-contract for $649.92 (16GB variant), $749.91 (64GB variant), and $849.90 (128 GB variant). The iPhone 6 Plus was available to those committing to a 2-year service contact for $299 (16GB variant), $399 (64GB variant), and $499 (128 GB variant), and off-contract for $749.76 (16GB variant), $849.99 (64GB variant), and $949.99 (128 GB variant).

10.    Apple's iPhone 6S and iPhone 6S Plus were released on September 25, 2015. At the time of launch, the iPhone 6S cost $649 (16GB variant), $749 (64GB variant), and $849 (128GB variant), and the iPhone 6S Plus cost $749 (16GB variant), $849 (64GB variant), and $949 (128 GB variant).

11.     Apple's iPhone 7 and iPhone 7 Plus were released on September 16, 2016. At the time of launch, the iPhone 7 cost $649 (32GB variant), $749 (128GB variant), and $849 (256GB variant), and the iPhone 7 Plus cost $749 (32GB variant), $849 (128GB variant), and $949 (256GB variant).

12.     iOS is the operating system installed on iPhones.

13.     On January 23, 2017—four months after the launch of the iPhone 7 and iPhone 7 Plus—Apple released iOS version 10.2.1. Shortly thereafter, iPhone users were notified that an update to iOS was available. Apple represented as follows regarding the update:



iOS 10.2.1
Apple Inc.
72.1 MB

iOS 10.2.1 includes bug fixes and improves the security of your iPhone or iPad.

For information on the security content of Apple software updates, please visit this website:
https://support.apple.com/en-gb/HT201222

14.     Unbeknownst to iPhone 6, iPhone 6 Plus, iPhone 6S, and iPhone 6 Plus owners, Apple inserted code into the iOS version 10.2.1 that dramatically slowed down the processing performance of these phones by linking each phone's processing performance with its battery health. Absent the malicious code inserted by Apple, the reduced battery capacity of these phones would not have negativity affected processing performance.

15.     Apple's iPhone 8 and iPhone X were released on September 22, 2017, and November 3, 2017, respectively.

16. On December 2, 2017, iOS version 11.2.0 was released. Shortly thereafter, iPhone users were notified that an update to iOS was available. Apple represented as follows regarding the update:



17. Unbeknownst to iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone 7, and iPhone 7 Plus owners, Apple inserted code into the iOS version 11.2.0 that dramatically slowed down the processing performance of these phones by linking each phone's processing performance with its battery health.

18. John Poole, co-founder of Primate Labs, connected Affected iPhone's slow CPU performance to battery capacity in certain iOS software versions. Poole found that the performance deterioration arose when iOS software version 10.2.1 (or later) was installed in iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, and iPhone SE. Poole also found performance deterioration arose when iOS software version 11.2 (or later) was installed in iPhone 7 or iPhone 7 Plus.

19. Only after Poole's revelation did Apple admit that it had been developing and introducing code to its customers intended to throttle the processing speed of older versions of iPhones.

20. iPhones are powered by lithium-ion batteries. By nature, the capacity of lithium-ion batteries degrades over time.

21. The processing speed of iPhones should not normally diminish as a function of battery capacity. As Poole observes, "While we expect battery capacity to decrease as batteries age, we expect processor performance to stay the same." On account of Apple's intentional conduct, once the battery condition of Affected iPhones reaches a certain state, processing speeds slow dramatically.

22. Apple secretly and without authorization diminishes the performance of Plaintiff's and the Class members' phones to induce them to buy newer models. This triggering of older model iPhones with a switch that slows processor speed to a crawl is but one of the many ways Apple achieves this end. Apple employs other means of accomplishing this end by delivering software updates that in other ways unjustifiably diminishes the performance of older model iPhones. This course of conduct is unfair, deceptive, in bad faith, and injures Plaintiff and the other Class members, and unjustly enriches Apple at their expense.

23. Plaintiff installed iOS 10.2.1 on his iPhone 6, and as a result, his iPhone's performance deteriorated substantially. Apps take unduly long to open, update, and respond to inputs such as swiping and scrolling lag. Websites crash and take too long to load. Plaintiff had not experienced such deterioration until installing the update. The performance of Plaintiff's iPhone 6 has not improved with subsequent software installations. Plaintiff's iPhone 6 now runs iOS 11.2.0, and it still performs in a deficient and deteriorated manner.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action against Apple as a national class action, on behalf of himself and members of a Class defined as follows:

> All persons in the United States who purchased any one of the following models of iPhone: iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7 and iPhone 7 Plus.

Excluded from the Class are Defendant, its parents, affiliates, subsidiaries, and entities in which Defendant has a controlling interest, as well as Defendant's officers, directors, legal representatives, heirs, predecessors, successors, and assigns, and the judicial officers presiding over the case.

25.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Illinois law, Plaintiff also brings this action against Apple, on behalf of itself and members of a Sub-Class defined as follows:

> All residents of Illinois who purchased any one of the following models of iPhone: iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7 and iPhone 7 Plus.

Excluded from the Class are Defendant, its parents, affiliates, subsidiaries, and entities in which Defendant has a controlling interest, as well as Defendant's officers, directors, legal representatives, heirs, predecessors, successors, and assigns, and the judicial officers presiding over the case.

26.     The proposed Nationwide Class and Illinois Sub-Class consist of thousands and possibly millions of geographically dispersed members, the joinder of which is impracticable. The precise number and identities of Class Members are currently unknown to Plaintiff, but can easily be derived from records maintained by Apple.

27. Apple violated the rights of each Class Member in the same way by its above-described uniform wrongful actions, inaction, omissions, and deceptive conduct.

28. There are questions of law and fact common to the proposed Nationwide Class and Illinois Sub-Class as a whole that predominate over any questions affecting individual Class members, including, *inter alia*:

  a. whether Apple intentionally hinders performance of its products with the installation of certain software;

  b. whether a reasonable consumer would expect the performance of their smartphone not to drastically deteriorate with new software updates;

  c. the extent of the damages and harm suffered by Plaintiff and the other Class members;

  d. whether Apple's above-described uniform wrongful actions, inaction, omissions, and deceptive conduct caused Plaintiff and the other Class Members to suffer damages;

  e. whether injunctive relief in the form of a software update removing the code that causes the processor performance deterioration is appropriate;

  f. whether injunctive relief in the form of corrective advertising is appropriate;

  g. whether Plaintiff and the other Class Members are entitled to recover actual damages, consequential damages, incidental damages, statutory damages, punitive damages, pre- and post-judgment interest, attorneys' fees, litigation expenses, and court costs and, if so, the amount of the recovery.

29. Plaintiff's claims are typical of Class members' claims because they are all victims of Apple's above- uniform wrongful actions, inaction, omissions, and deceptive conduct.

30. Plaintiff and his counsel will fairly and adequately represent the interests of Class members. Plaintiff has no interests antagonistic to, or in conflict with, those of any absent Class member. Plaintiff's counsel are experienced in leading and prosecuting class actions on behalf of consumers.

31. A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiff's and the other Class members' claims. Plaintiff and the other Class members have been (and will continue to be) harmed as a direct and proximate result of Apple's above-described uniform wrongful actions, inaction, omissions, and deceptive conduct. Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the courts and parties, (ii) it would be virtually impossible for all Class Members to intervene in this action, (iii) it will allow numerous entities with claims too small to adjudicate on an individual basis because of prohibitive litigation costs to obtain redress for their injuries, and (iv) it will provide court oversight of the claims process once Apple's liability is adjudicated.

32. Class members are readily ascertainable since they all have continuing relationships with Apple, and Apple possesses contact information for all Class members.

33. Certification, therefore, is appropriate under Fed. R. Civ. P. 23(b)(3) because the above-described common questions of law or fact predominate over any questions affecting individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. Certification also is appropriate under Fed. R. Civ. P. 23(b)(2) because Apple has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or equitable relief with respect to the Class as a whole.

35.  Apple's above-described uniform wrongful actions, inaction, omissions, and deceptive conduct are applicable to the Class as a whole, for which Plaintiff seeks, *inter alia*, damages, injunctive relief, and other equitable remedies.

36.  Absent a class action, Apple will retain the benefits of its wrongdoing despite seriously violating the law and inflicting substantial damages and other actual injury and harm on Plaintiff and the other Class members.

## CLAIMS

### COUNT I (ILLINOIS CLASS)
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

37.  Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

38.  The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2, prohibits unfair methods of competition and unfair or deceptive acts or practices.

39.  Apple's conduct, described above, in purposefully hampering the speed and performance of older iPhones, was unfair and deceptive. Apple unilaterally hampered performance of Plaintiff's and the other Illinois Class members' iPhones without warning, notice, or the ability to opt out.

40.  When Apple provided the software update with the inhibitory software, it omitted this material fact from Plaintiff and the other Illinois Class members.

41.  Apple's omission was material and deceptive. Reasonable consumers consider the processor speed of their iPhones to be a material aspect of their decision whether to buy a smartphone.

42. Apple's conduct was also unfair. Apple's conduct was immoral, unethical, oppressive, and unscrupulous, and substantially injured Plaintiff and the other Illinois Class members.

43. Plaintiff and the other Illinois Class members suffered damage as a result of Apple's deceptive and unfair conduct. Their phones' processing speed has been significantly reduced, apps and programs perform poorly. Plaintiff and the other Illinois Class members have been deprived of the benefit of their bargain and are left with substandard iPhones that perform worse than they should.

## COUNT II (ILLINOIS CLASS)
## TRESPASS TO CHATTELS

44. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

45. Apple's conduct described above, in purposefully hampering the speed and performance of older iPhones, constitutes a trespass to chattels.

46. Apple purposefully installed software or a computer program intended to hamper the speed and performance of Plaintiff's and the other Illinois Class members' Affected iPhones.

47. Apple's conduct in hampering the speed and performance of Affected iPhones was without consent or exceeded the consent given by Plaintiff and the other Illinois Class members.

48. Plaintiff and the other Illinois Class members suffered damage as a result of Apple's trespass. Their Affected phones' processing speed has been significantly reduced, apps and programs perform poorly.

## COUNT III (ILLINOIS CLASS)
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

49.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

50.     Plaintiff and the other Illinois Class members and Apple entered into contracts.

51.     Plaintiff and the other Illinois Class members have fully performed their obligations under the contracts.

52.     Under Illinois law a covenant of good faith and fair dealing is implied into every contract.

53.     Apple breached the covenant of good faith and fair dealing by engaging in the above described conduct, purposefully hampering the speed and performance of Illinois Class members' Affected iPhones.

54.     Apple's conduct was willful and intentional and committed with a purpose of slowing down Affected iPhones to induce Plaintiff and the other Illinois Class members to buy new iPhones. Apple's conduct was unfair, deceptive, and in bad faith. It gave iPhone users no notice and left them with no reasonable alternatives.

55.     Plaintiff and the other Illinois Class members suffered damage as a result of Apple's breach of the covenant of good faith and fair dealing. Their phones' processing speed has been significantly reduced, apps and programs perform poorly. Plaintiff and the other Illinois Class members have been deprived of the benefit of their bargain and are left with substandard iPhones that perform worse than they should.

## COUNT IV (NATIONAL CLASS)
## COMPUTER FRAUD AND ABUSE ACT

56. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

57. Apple's conduct described above, in purposefully hampering the speed and performance of Affected iPhones, constitutes a violation of the Consumer Fraud and Abuse Act.

58. Apple's conduct described above constitutes the intentional transmission of a program, information, code, or command that damaged Affected iPhones.

59. Plaintiff and the other Class members suffered damage or loss by reason of Apple's violation of the Act because of the impairment to the integrity and availability of data, program, systems, and information that resulted from Apple's conduct. As a result of Apple's intentional acts, their Affected iPhones' processing performance has been significantly reduced, and apps and other programs perform poorly. Plaintiff and the other Class members have been deprived of the benefit of their bargain and are left with substandard iPhones that perform worse than they should.

## COUNT V (ILLINOIS CLASS)
## ILLINOIS COMPUTER CRIME PREVENTION LAW

60. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

61. Apple's conduct described above, in purposefully hampering the speed and performance of Affected iPhones, constitutes a violation of the Illinois Computer Crime Prevention Law, 720 Ill. Comp. Stat. 5/17-51 because Apple, without authorization, or in excess of the authorization granted by Plaintiff and the other Illinois Class members, inserted or attempted to insert a program into their computers or computer programs knowing or having reason to know that such program contains information or commands that will or may: (A) damage or destroy that

computer; (B) alter, delete, or remove a computer program or data from that computer; or (C) cause loss to the users of that computer.

62. Plaintiff and the other Illinois Class members suffered loss by reason of Apple's above described conduct. Their phones' processing speed has been significantly reduced, apps and programs perform poorly. Plaintiff and the other Illinois Class members have been deprived of the benefit of their bargain and are left with substandard iPhones that perform worse than they should.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of all other Class Members, respectfully requests that the Court enter an Order:

 a. Certifying the Classes under Fed. R. Civ. P. 23 as requested herein, appointing Plaintiff as Representative Plaintiff, and Plaintiff's counsel as Class Counsel;

 b. Awarding Plaintiff and the other Class Members actual, consequential, and incidental damages to be determined by the trier of fact;

 c. Awarding Plaintiff punitive damages;

 d. Awarding Plaintiff and the other Class Members injunctive relief;

 e. Awarding Plaintiff and the other Class Members pre- and post-judgment interest on all amounts awarded;

 f. Awarding attorneys' fees, litigation expenses, and costs of suit incurred through the trial and any appeals of this case; and

 g. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all claims so triable.

Dated: December 27, 2017               Respectfully Submitted,

                                       s/ Ben Barnow

                                       Ben Barnow
                                       Erich P. Schork
                                       Jeffrey D. Blake
                                       Anthony L. Parkhill
                                       Barnow and Associates, P.C.
                                       One N. LaSalle Street, Ste. 4600
                                       Chicago, IL 60602
                                       (312) 621-2000 (p)
                                       (312) 641-5504 (f)
                                       b.barnow@barnowlaw.com
                                       e.schork@barnowlaw.com
                                       j.blake@barnowlaw.com
                                       aparkhill@barnowlaw.com

                                       Aron D. Robinson
                                       The Law Office of Aron D. Robinson
                                       180 W. Washington Street, Suite 700
                                       Chicago, IL 60602
                                       (312) 857-9050 (p)
                                       (312) 857-9054 (f)
                                       adroblaw@aol.com

                                       *Counsel for Plaintiffs and the Class*